## D. H. Buxton et al., Appellees, v. Bliss & Laughlin, Appellant.

### Gen. No. 23,275.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and judgment here with finding of facts. Opinion filed April 16, 1918.

### Statement of the Case.

Action by D. H. Buxton and others, plaintiffs, against Bliss & Laughlin, a corporation, defendant, to recover for the alleged breach by defendant of two contracts for the sale of steel shafting. From a judgment for plaintiffs for $2,855.55, defendant appeals.

FRANK & LURIE, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellees.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 65*—*when special provision in contract as to time for specifying requirements by seller prevails over general provision.* The express provision in a contract for the sale of steel shafting, to be made according to specifications, that specifications

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Buxton v. Bliss & Laughlin, 210 Ill. App. 247.

for less than carload lots could be made prior to a certain date prevails over a general provision requiring the purchaser to specify his requirements in ample time to permit the seller to make and ship the material during the life of the contract, and the seller breaches the contract where he refuses to fill an order for less than a carload lot, received one day before the time limited for specifications for less than carload lots.

2. SALES, § 366*—*when purchasers cannot complain of breach of contract.* Where the purchasers of steel shafting fail to make payments as required by the contract and, after the seller's rescission of the contract because thereof, write the seller to continue shipments, it is incumbent upon them to perform their part of the contract by making payments as they become due thereunder, and, failing therein, they are in no better position than the seller, and cannot complain of a breach of contract.

3. SALES, § 373*—*when waiver of provision in contract for payment for shipments within 30 days not shown.* Evidence *held* insufficient to show a waiver by the seller of a provision in a contract for the sale of steel shafting, requiring that shipments be paid for within 30 days from date thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.